**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| SHAUN M. CUNNINGHAM,<br><br>Petitioner,<br><br>vs.<br><br>ANGELA STUFF, WARDEN,<br><br>Respondent. | CASE NO. 5:25-CV-02606<br><br>JUDGE JAMES R. KNEPP II<br><br>MAGISTRATE JUDGE AMANDA M. KNAPP<br><br>**INTERIM REPORT AND RECOMMENDATION** |

On October 21, 2025, Petitioner Shaun M. Cunningham ("Mr. Cunningham" or "Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, asserting four grounds for relief relating to his sentence and convictions for murder and felonious assault.[1] (ECF Doc. 1 ("Petition").) On March 23, 2026, Respondent filed her Return of Writ, asserting that the grounds for relief were procedurally defaulted and/or without merit. (ECF Doc. 8.) Petitioner sought and received an extension of time until May 21, 2026, to file his Traverse. (ECF Doc. 10; *see also* April 21, 2026 Non-Document Order.) Petitioner has not filed his Traverse. On May 26, 2026, he filed a Motion for Stay of Proceedings ("Motion to Stay"). (ECF Doc. 11.) Respondent filed a brief in opposition to the Motion to Stay. (ECF Doc. 12.)

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). The Petition was docketed on December 1, 2025. (ECF Doc. 1.) Petitioner states he placed his Petition in the prison mailing system on October 21, 2025. (ECF Doc. 1, p. 15.)

## I. Federal Habeas Petition

Mr. Cunningham raises the following four grounds for relief in his pending Petition:

> **Ground One**: Ineffective Assistance of Trial Counsel (Sixth Amendment).
>
> **Supporting Facts**: Counsel failed to call subpoenaed witnesses (Petitioner's daughter, who alleged victim threaten to kill Petitioner). Counsel failed to investigate or present testimony from the neighbor who overheard threats. Counsel failed to introduce exculpatory text messages showing the victim threatened Petitioner and his family. Counsel failed to (call) or allow Petitioner[']s grandson to go on the stand who was there the night of the incident to testify.
>
> **Ground Two**: Due Process Violation (Fourteenth Amendment).
>
> **Supporting Facts**: State relied on coerced and unreliable witness testimony from neighbors who were pressured to testify identically. Evidence presented was inconsistent with forensic findings (bullet trajectory). A crime scene expert was not allowed to show exculpatory evidence, (video reconstruction, bullet trajectory, ballistic gelatin wound recreation, (one) witness had and on many occasions associated with alleged victim (Mr. Charles) and stated on stand he didn't know Mr. Charles.
>
> **Ground Three**: Failure to Present Exculpatory Evidence (Brady Violation).
>
> **Supporting Facts**: Defense counsel and prosecution withheld from the jury the "automated movie" prepared by experts showing the shooting trajectory. The victim was not shot in the back of the head contrary to trial testimony. Video clearly showed right to left trajectory in forward motion coming towards Mr. Cunningham.
>
> **Ground Four**: Cumulative Error.
>
> **Supporting Facts**: The combined effect of counsel's failures and the use of false/withheld evidence rendered the trial fundamentally unfair. The combined effect of ineffective counsel, coerced testimony, and suppressed evidence deprived Petitioner of a fair trial in violation of due process.

(ECF Doc. 1, pp. 5-10.)

## II. Petitioner's Motion to Stay

Mr. Cunningham requests an order staying these federal habeas proceedings while he exhausts his state court remedies relating to new evidence that he alleges the Canton Police Department recently turned over to his wife. (ECF Doc. 11.) Specifically, he asserts that his

wife was given "evidence [i.e. Text Messages, Telephone Recordings, Affidavits]" that was in the possession of "the Canton Police Department . . . for two (2) years" and that "is material to [his] defense." (ECF Doc. 11, pp. 2-3 (brackets in original).) He explains that he intends "to take this Brady violation before the trial court" in post-conviction proceedings, "along with the 6th and 14th Amendments complained of in the timely filed petition that is before this Court." (*Id*. at p. 2.) He asserts that a stay will give him an "opportunity to bring all of the facts of this case to light, to prove he was only protecting his home from a man that was out of control and hell-bent on doing him and his family harm." (*Id*. at p. 3 (emphasis in original).)

Respondent opposes the Motion to Stay, arguing that a stay is inappropriate because the claims Mr. Cunningham is seeking to exhaust in connection with the new evidence were not asserted in the Petition pending before this Court. (ECF Doc. 12, p. 3.)[2]

## III. Law and Analysis

A state prisoner with federal constitutional claims must fairly present them in state court before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Even where a habeas petitioner presents a "mixed petition" containing both exhausted and unexhausted claims, comity requires that state courts be given the first opportunity to review the unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

If a mixed petition is dismissed while a petitioner pursues unexhausted claims in state court, however, there is a concern that any exhausted claims will become time-barred under the

[2] Respondent also argues that any motion to amend the Petition would be futile because the "non-specified *Brady* claim arising from unspecified texts, phone records, and affidavits" alleged "withheld from him by the Canton Police does not arise from the same transaction or occurrence as his pleaded habeas grounds." (ECF Doc. 12, pp. 3-4.) The undersigned finds it unnecessary to address whether amendment of the Petition would be warranted under the present circumstances because Petitioner has not sought leave to amend his Petition.

one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The Supreme Court therefore clarified in *Rhines v. Weber* that a district court with a "mixed petition" may stay the case and permit a petitioner to present his unexhausted claims to the state court before the federal court reviews the petition. 544 U.S. 269, 277 (2005).

A "stay and abeyance" under *Rhines* is available where the district court determines that: (1) there was good cause for the petitioner's failure to exhaust the relevant claims first in state court; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. 544 U.S. at 277. The *Rhines* Court cautioned that stay and abeyance should be used sparingly because frequent use could undermine AEDPA's goals of "'reduc[ing] delays in the execution of state and federal criminal sentences'" and streamlining federal habeas proceedings by encouraging petitioners to seek relief first from the state courts. *Id.* at 276-77 (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)).

The undersigned agrees with Respondent that Mr. Cunningham has failed to demonstrate that a "stay and abeyance" is appropriate under *Rhines* because he has failed to show that the Petition is a "mixed petition" containing both exhausted and unexhausted claims. *See* 544 U.S. at 277. Mr. Cunningham says he will seek post-conviction remedies for a *Brady* violation based on the delayed disclosure of evidence he describes as "Text Messages, Telephone Recordings, [and] Affidavits." (ECF Doc. 11, p. 3.) While the nature and relevance of the new evidence is unclear, even the vague description given is sufficient for this Court to conclude that the new evidence is distinct from the evidence referenced in the only *Brady* claim in the Petition, which pertains to an "'automated movie' prepared by experts showing the shooting trajectory." (ECF Doc. 1, pp. 8-9.) Absent a clear showing that the contemplated state court proceedings relate to a claim that was asserted in the Petition and seek to exhaust the relevant claim, the undersigned

must find that Mr. Cunningham has failed to show that this case involves a "mixed petition" for purposes of granting a stay and abeyance under the *Rhines* standard.

Further, the undersigned also observes that Mr. Cunningham has provided very little specific information regarding the evidence that he alleges was recently disclosed, what specific post-conviction proceedings he intends to pursue, and how the intended state court proceedings would relate to the exhaustion of any claims asserted in the Petition. Without such information, this Court lacks the information needed to properly assess (1) whether Petitioner had "good cause" for failing to exhaust the relevant remedies before filing the Petition and (2) whether any federal habeas claims at issue were "plainly meritless." *See Rhines*, 544 U.S. at 277.

For the reasons set forth above, the undersigned concludes that Mr. Cunningham has failed to show that a stay and abeyance is appropriate in this case.

## IV. Recommendation

Given the foregoing, the undersigned concludes that a stay and abeyance is not warranted under *Rhines v. Weber*, 544 U.S. 269 (2005), and recommends that the Court **DENY** the Motion to Stay (ECF Doc. 11).

November 3, 2026

*/s/ Amanda M. Knapp*
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).